UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY DAVIS

          Petitioner,

                                        CASE NO. 09-10560
v.                                      HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

          Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Respondent's Motion for Summary Judgment **[Docket No. 4, filed on October 26, 2009]**. Respondent moves for summary judgment on the grounds that the governing statute of limitations bars review of Petitioner's habeas petition. Petitioner filed a response on January 26, 2010 **[Docket No. 9, filed on January 26, 2010].**

On or around May 27, 1998, Petitioner was convicted of two counts of first-degree murder. He was subsequently sentenced to life in prison without parole. Petitioner filed an appeal of right with the Michigan Court of Appeals. His conviction was affirmed on June 11, 1992. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. His application was denied on December 30, 1992. He filed a motion for reconsideration of this decision, which was denied on 1993.

Petitioner filed a motion for relief from judgment in the Macomb County Circuit Court on March 8, 2005. The motion was denied on October 13, 2006. Petitioner filed a delayed application for leave to appeal, which was denied June 18, 2007. Petitioner filed a motion for reconsideration, which was denied by the Court of Appeals on July 24, 2007. His application for leave to appeal was denied on December 28, 2007 by the Michigan Supreme Court and his subsequent motion for reconsideration was denied February 19, 2008. Petitioner filed his habeas

petition on February 13, 2009.

Petitioner argues that, because the Michigan Supreme Court denied Petitioner's motion for reconsideration on February 19, 2008, and his petition was filed on February 13, 2009, his petition is timely. However, Plaintiff was convicted prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

> The AEDPA amended 28 U.S.C. § 2244(d)(1)(A) to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See* 28 U.S.C. § 2244(d)(1)(A). For prisoners . . . whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas petition. . . . Therefore, Cook had until April 24, 1997 to file his habeas petition.

*Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). The statute of limitations for Petitioner to file his habeas claim ran out on April 24, 1997– almost eight years before Petitioner filed his motion for relief from judgment in Macomb County Circuit Court.

Petitioner claims he falls under 28 U.S.C. § 2244(d)(1)(D), which allows the limitations period to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, as Respondent argues in his motion, Petitioner never sets forth any newly-discovered factual predicates that would toll the statute of limitations in his case.

Equitable tolling generally applies when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner argues ineffective assistance of appellate counsel, presumably to excuse his procedural default in this case. However, the alleged appellate errors do not excuse his failure to raise his claim during the one-year grace period cited in *Cook*. After the AEDPA statute was enacted, Petitioner had one year to raise the errors, which Petitioner states were "significant and obvious." Petitioner's Answer and Brief in Opposition to Defendant's Motion for Summary Judgment at 5. Petitioner first raised his habeas

2

claims in a motion for relief from judgment in 2005. His motion and subsequent appeals did not delay the date on which the judgment became final. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Nor did resolution of the motions and related appeals cause the statute to begin running anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner also argues the statute of limitations should be tolled in this case because he is actually innocent. "To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* (internal quotations omitted). Petitioner claims he has maintained his actual innocence "from the beginning." However, Petitioner does not argue any new facts or show any new evidence to support his actual innocence.

For the reasons set forth above,

**IT IS ORDERED** that Respondent's Motion for Summary Judgment **[Docket No. 4, filed on October 26, 2009]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Habeas Corpus is **DISMISSED**.

S/Denise Page Hood
Denise Page Hood
Dated: September 28, 2010                              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

3